SADIE A. BROWN ET AL., APPELLEES: EDWARD J. KEOGH
ET AL., APPELLANTS, V. WILLIAM PRICE ET AL., APPELLEES.

1 N. W. (2d) 319

FILED DECEMBER 5, 1941. No. 31057.

*Frank B. Morrison* and *Fred J. Schroeder*, for appellants.

*Cordeal, Colfer & Russell, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, MESS-
MORE and YEAGER, JJ.

ROSE, J.

This is a suit in equity in which the corporate existence
of the Curtis & Southwestern Telephone Company, a pub-
lic service corporation, was put in issue by the pleadings.
It was incorporated in 1908 to transact a public telephone
business for 25 years. The 25-year period expired Novem-
ber 1, 1933, but the expiration was overlooked for a time
and the executive officers and directors of the corporation,
without interruption, continued to transact in its name the
business for which it was organized. The president and
secretary, acting for the stockholders, filed with the secre-
tary of state December 30, 1937, and with the county clerk
of Frontier county January 4, 1938, articles of reincor-
poration for the purpose of carrying on the same business
in the same corporate name for another period of 25 years.
It has since been so conducted.

Minority stockholders, each the owner of an original
share, are plaintiffs.

Defendants are the executive officers and the directors of the corporation and the Curtis & Southwestern Telephone Company.

On formal pleas that the original charter expired by its own terms November 1, 1933, that the corporation had no existence thereafter for commercial purposes and that it was not reincorporated, plaintiffs seek relief in equity as follows: A decree adjudging the nonexistence of the corporation; an injunction to prevent defendants from continuing to transact corporate business; appointment of a receiver for the purposes of liquidation under directions of the court.

Upon a trial of the cause the district court dismissed the suit in equity. Plaintiffs appealed.

The material facts are shown without conflict of evidence and the findings on a trial *de novo* are the same as the findings of the district court. Executive officers and directors conducted the business of a telephone company from 1908 continuously until the time of the trial below. The efforts to reincorporate were made in good faith. New articles of incorporation were drawn, signed by the president and secretary, and filed in the proper offices. The filing fees were paid. The annual occupation taxes, including the one for the year 1938, were paid and payment certified by the secretary of state. After reincorporation, notices of annual meetings of stockholders were given and pursuant thereto meetings were held at which corporate business was transacted as formerly. Annual dividends, except for one year, were paid. In the proceedings to reincorporate the telephone company, there was no fraud. There was no evidence of insolvency or mismanagement to call for the appointment of a receiver to wind up the business of furnishing telephone services to the public. The decree of the district court dismissing the suit provided for the protection of the rights and interests of plaintiffs as holders of original shares of stock.

Under the rulings announced in *Elson v. Schmidt,* p. 646, *post,* 1 N. W. (2d) 314, decided herewith, the reorganized

and continuously operated telephone company is a *de facto* corporation, and consequently plaintiffs are not entitled to any equitable relief herein except that granted by the district court.

AFFIRMED.